**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **KERLIANA MARIAN ESCOBAR NAVA #A246-932-223** | **CIVIL ACTION NO. 6:26-CV-01709 SEC P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **MARKWAYNE MULLIN ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before the Court is a PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 [Doc. 1] filed by *pro se* Petitioner Kerliana Marian Escobar-Nava ("Escobar-Nava"), an immigration detainee at the South Louisiana ICE Processing Center in Basile, Louisiana. Escobar-Nava challenges the legality of her detention.

Because Escobar-Nava's claim is moot, the PETITION [Doc. 1] should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## I. Background

Escobar-Nava is a native and citizen of Venezuela who entered the United States on or about June 25, 2023. [Doc. 1-2 at 163]. She was issued a Notice to Appear pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act, charging her as an alien present in the United States without being admitted or paroled. [*Id.*] Escobar-Nava was released on recognizance. [Doc. 1 at 14].

On June 12, 2025, while reporting to ICE as required, Escobar-Nava was detained. [*Id.*].

According to the Executive Office for Immigration Review ("EOIR"), an immigration judge granted voluntary departure on May 20, 2026.[1] Escobar-Nava did not appeal. [*Id.*].

[1] https://acis.eoir.justice.gov/en/caseInformation

## II. **Law and Analysis**

Article III of the Constitution includes a case or controversy requirement. This means that the plaintiff or petitioner must have suffered or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). A petitioner must continue to meet the case or controversy requirement. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Because Escobar-Nava was granted voluntary departure at her individual hearing, she is no longer an applicant for admission under 8 U.S.C. § 1225. The grant of voluntary departure changed the legal basis for Escobar-Nava's detention. Her detention is now governed by 8 C.F.R. § 240.25(b); § 1240.26(b)(3). As a result, the Court can no longer grant the relief sought in the PETITION, and no live case or controversy remains. Accordingly, the Petition is moot. *See Rivera-Orta v. Warden*, 1:26-CV-355, 2026 WL 1742023, at *2 (W.D. La. May 29, 2026), *recommendation adopted sub nom. Rivera-Orta v. Warden, Winn Corr. Ctr.*, 2026 WL 1740556 (W.D. La. June 16, 2026); *Cisneros v. Bradford*, 4:25-CV-05700, 2026 WL 1169908, at *1 (S.D. Tex. Feb. 18, 2026), *recommendation adopted,* 2026 WL 1169272 (S.D. Tex. Apr. 28, 2026).

## III. **Conclusion**

Because Escobar-Nava's challenge to her pre-removal-order detention is now moot, the PETITION [Doc. 1] should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

THUS DONE in Chambers on this 17th day of July, 2026.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE